# STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 171-12-13 Vtec |
|---|---|
| Shatney NOV (Overturned) | JUDGMENT ORDER |

On February 24, 2015 the Court held a site visit at the subject property, 41 School Street in the Town of East Hardwick, Vermont, and a subsequent full-day merits hearing in this matter at the Vermont Superior Court, Civil Division Courthouse in St. Johnsbury, Vermont. Property owners Earl and Wilma Shatney ("the Shatneys") and Appellants David Gross, Tracy Martin, Joyce Mandeville, and John Mandeville ("Appellants") were present at the trial and represented by Glenn C. Howland, Esq. and Charles Storrow, Esq., respectively.

After all parties had a full opportunity to present evidence, the Court took a brief recess to review the evidence, conduct legal research, and deliberate. The Court thereafter reconvened the hearing and announced its Findings of Fact, Conclusions of Law, and Order. This Judgment Order is provided as a summary of those Findings and Conclusions and to satisfy the Court's obligation under Vermont Rule of Civil Procedure 58. To the extent the reader wishes to review the Court's Findings and Conclusions, the reader is referred to the audio record of the February 24, 2015 hearing.

## Summary of Findings of Fact

1.      Earl and Wilma Shatney have owned and occupied property located at 41 School Street in the Town of East Hardwick, Vermont ("the Property") since the fall of 2006. The Property is located within the Compact Residential zoning district.

2.      Appellants David Gross and Tracy Martin reside next door to the Property at 27 School Street, and Appellants Joyce and John Mandeville reside across the street from the Property at 70 School Street. These properties are located within the CR zoning district, although a portion of the property at 27 School Street is located within the Central Business zoning district.

3.     School Street encompasses a quiet neighborhood of residential dwellings. The sole commercial businesses on School Street are a chiropractic office and D & L Trucking and Logging, the latter of which has frontage and access on Route 16 at the opposite end of School Street from the parties' properties.

4.     Earl Shatney and his wife, Wilma Shatney, incorporated and registered two business entities with the Vermont Secretary of State: E. Shatney & Sons Trucking, Inc., and JS Transport, Inc.. The principal business and physical address of both businesses is listed as 41 School Street in East Hardwick, Vermont.

5.     The Shatneys own two 1998 Western Star diesel-powered commercial tractors, both of which are registered to E. Shatney & Sons Trucking, Inc. and which are leased to JS Transport, Inc.

6.     Earl and his son Jeffrey Shatney derive business income from truck driving activities conducted through E. Shatney & Sons Trucking, Inc. and JS Transport, Inc. The nature of long and short haul trucking requires the Shatneys to conduct revenue-generating activities off-site from the Property at issue in this appeal. This includes the physical attachment of the tractors to trailers.

7.     When not in use for business activities off-site, the Shatneys' tractors are stored on an outdoor driveway located on the Property. Miscellaneous equipment, including miscellaneous gear, engine oil, and spare or seasonal tires, are generally stored in a locked outbuilding attached to the Shatneys' home, some of which is used for maintenance of the commercial tractors and some of which is used for the maintenance of the elder Mr. Shatney's personal pick-up truck.

8.     In order to conduct their business activities off site, the Shatneys must store, idle, and perform routine light maintenance work on their tractors at some location in between their driving activities. Routine maintenance includes routine safety checks, air pressure tests, fluid level checks, washing, waxing, vacuuming, and light repair, such as mirror or antenna replacement. The Shatneys have chosen to conduct these business-related activities at or in front of the Property, which is also their personal residence.

9.    The Shatneys must start and idle their commercial tractors while they are located either in the driveway or when parked in front of the Property. When parked in front of the Property on School Street, the trucks sometimes impede the flow of two-way traffic, especially when a trailer is connected to the truck.

10.    The Shatneys often allow their trucks to idle in their driveway or on School Street for as long as forty-five minutes. This idling has occurred at all hours of the day or night, including at 3:00 AM.

11.    The noise caused by the Shatneys' idling tractors is regularly occurring in that it recurs at normal intervals and in conformity with established usages. The noise also represents a significant increase in noise levels common to this neighborhood in that truck traffic on School Street is infrequent and no other property in the neighborhood is used to park, store, and idle commercial tractor vehicles.

12.    The vibrations caused by the Shatneys' idling tractors is clearly apparent in that it is discernible at the Shatneys' property line without the aid of instruments.

13.    The fumes caused by the Shatneys's idling tractors constitute a nuisance to neighboring landowners and are offensive and uncharacteristic of the area in that the tractors are the sole source of diesel exhaust and prevent Appellants from opening their windows or sitting on their porches.

14.    The Shatneys do not have a conditional use permit or any other permit for uses on their Property for anything other than a single family residence.

**Summary of Conclusions of Law**

We uphold the Zoning Administrators Notice of Violation ("NOV") that the Shatneys violated the performance standards established in Article 3 of the Town's Unified Development Bylaws. Specifically, the noise, vibrations, and fumes caused by the idling of their commercial tractors is not in compliance with the general standards under Bylaws § 3.11(A)(1), (7), and (8) that prohibit any use that causes, creates, or results in, among others, regularly occurring noise, clearly apparent vibration, or smoke, dust, noxious gases, or other forms of air pollution. These performance standards "must be met and maintained for all uses in all districts." Bylaw § 3.11. For this reason, we void the Development Review Board's determination and reinstate the

NOV. We refer the matter to the Zoning Administrator for any further action deemed necessary to ensure compliance with the Bylaws.

Electronically signed on March 4, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division